IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDDY LEE BROWN,
    Petitioner,

vs.                                                                    5:03cv252/MMP/EMT

JAMES CROSBY, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). The filing fee has been paid. Respondent filed an amended motion to dismiss the petition as untimely (docs. 14). Petitioner was given an opportunity to respond to the motion (*see* doc. 16), but has not done so. This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

    The procedural history of this case is undisputed. On March 24, 2000, in the Circuit Court in and for Calhoun County, Florida, Petitioner was convicted of escape and sentenced to a term of fifteen years of imprisonment to run concurrently with the sentence he was serving when he escaped (doc. 1 at 2; doc. 14, Ex. A). Additionally, Petitioner was sentenced to two terms of five years of imprisonment, to run concurrently with each other and with the sentence on the escape charge, for violating his probation in two other cases (*id.*). Petitioner did not appeal his conviction or sentence (doc. 14 at 2).

On January 23, 2003, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in the Calhoun County Circuit Court (*id*., Ex. B). The trial court dismissed the motion on March 6, 2003 (*id*., Ex. F). Petitioner appealed the denial to the Florida First District Court of Appeal, and the appellate court affirmed the decision on July 22, 2003, with the mandate issuing August 19, 2003 (*id*., Ex. C). Brown v. State, 852 So.2d 233 (Table) (Fla. 1st DCA July 22, 2003).

Petitioner filed the instant habeas action on September 22, 2003 (doc. 1, p. 7). He challenges his no contest plea on the ground that he suffered from diminished mental capacity at the time of his plea (*id*. at 5).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the

remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant does not directly appeal his conviction, his conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence. *See* Fla. R. App. P. 9.110(b); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30 day period for filing appeal expires). In the instant case, the Calhoun Circuit Court rendered its judgment on March 30, 2000 (doc. 14, Ex. A). *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal). Thus, Petitioner's one-year limitations period began to run on April 29, 2000, upon expiration of the 30-day period for filing a notice of appeal, and it expired on April 29, 2001.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows Petitioner filed a motion for postconviction relief in the state court on January 23, 2003. However, this postconviction motion did not toll the filing period because the filing period had already expired on April 29, 2001. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("Under 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, Petitioner is not entitled to statutory tolling of the limitations period. Additionally, Petitioner has asserted no grounds for equitable tolling.

Based upon the foregoing, this Court concludes that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (doc. 14) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola this 13th day of December, 2004.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**